**Anness COOPER, Appellant**

v.

**CHURCH OF ST. BENEDICT, Appellee.**

Superior Court of Pennsylvania.

Submitted Feb. 27, 2008.

Filed July 29, 2008.

---

Stephen P. Ellwood, Allentown, for appellant.

Scott C. Heckman, Pottsville, for appellee.

BEFORE: FORD ELLIOTT, P.J., DONOHUE, and POPOVICH, JJ.

OPINION BY DONOHUE, J.:

¶ 1 In this appeal, Anness Cooper ("Cooper") appeals the trial court's order granting preliminary objections in the nature of a demurrer filed by the Church of St. Benedict (the "Church"). Because we conclude that the trial court erred as a matter of law, we reverse.

¶ 2 Preliminary objections in the nature of a demurrer should be granted where the contested pleading is legally insufficient. *Cardenas v. Schober,* 783 A.2d 317, 321 (Pa.Super.2001) (citing Pa. R.C.P. 1028(a)(4)). "Preliminary objections in the nature of a demurrer require the court to resolve the issues solely on the basis of the pleadings; no testimony or other evidence outside of the complaint may be considered to dispose of the legal issues presented by the demurrer." *Hess v. Fox Rothschild, LLP,* 925 A.2d 798, 805 (Pa.Super.2007) (quoting *Cardenas,* 783 A.2d 317 at 321). All material facts set forth in the pleading and all inferences reasonably deducible therefrom must be admitted as true. *Id.*

¶ 3 Cooper's Second Amended Complaint contains just twelve paragraphs and one exhibit. Cooper alleges that on or about January 1, 2000, she entered into a verbal agreement with the Church to play the organ at masses for payment of $275 per week. Second Amended Complaint at ¶ 3. She further alleges that the oral contract was "renewable yearly for a period of six years", and that the parties did in fact renew the verbal agreement each year from 2001–2005. *Id.* at ¶ 3–4. Cooper alleges that during the summer of 2005, the parties agreed to amend the contract

by verbal agreement to increase her compensation to $283 per week and to make the contract renewable for another six years. *Id.* at ¶ 5. Cooper alleged that the parties renewed the oral contract for another year in January 2006, *id.* at ¶ 6, but that in April 2006 the Church by letter attempted to unilaterally reduce her pay to $50 per week. *Id.* at ¶ 9 and Exhibit A. Finally, she alleges that commencing in 2001 she also voluntarily assumed the duties of music director for no additional pay until a replacement could be found, and that when a replacement was hired in April 2006 she resumed her contractual duties as organist. *Id.* at 7–8.

¶ 4 The trial court granted the Church's preliminary objections and dismissed Cooper's Second Amended Complaint. In its written opinion, the trial court offered the following reasons for its disposition of the case:

> We accept the argument of [the Church] that [Cooper's] contract claim against Defendant Roman Catholic Church is barred by the Free Exercise Clause of the First Amendment to the United States Constitution which prohibits judicial encroachment upon decisions made by a religious institution concerning the employment of its ministers. Because the Roman Catholic Church views music as an integral part of its Catholic worship, the Organist/Musical Director is considered a minister of the Church. Therefore, this Court has no subject matter jurisdiction.

Trial Court Opinion, 6/13/07, at 1–2.

¶ 5 When reviewing an order of court granting preliminary objections in the nature of a demurrer, this Court is presented with the purely legal question of whether the law says with certainty that no recovery is possible. *Hess,* 925 A.2d at 805. Furthermore,

> In determining whether the trial court properly sustained preliminary objections, the appellate court must examine the averments in the complaint, together with the documents and exhibits attached thereto, in order to evaluate the sufficiency of the facts averred. The impetus of our inquiry is to determine the legal sufficiency of the complaint and whether the pleading would permit recovery if ultimately proven. This Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion. When sustaining the trial court's ruling will result in the denial of claim or a dismissal of suit, preliminary objections will be sustained only where the case i[s] free and clear of doubt.

*Id.* at 806 (citation omitted).

¶ 6 Under the "ministerial exception," the Free Exercise Clause of the First Amendment of the United States Constitution prohibits courts from exercising subject matter jurisdiction in cases where the court's involvement would encroach on decisions made by religious institutions concerning employment of ministers. *Fraser v. The Salvation Army,* 1998 WL 13272, at *3, 1998 U.S. Dist. LEXIS 209, at *8 (E.D.Pa.1998). Rooted in the First Amendment's guarantee of religious freedom, the ministerial exception precludes courts from considering claims involving the employment relationship between a religious institution and its ministerial employees, based on the institution's constitutional right to be free from judicial interference in the selection of those employees. *Hollins v. Methodist Healthcare, Inc.,* 474 F.3d 223, 225 (6th Cir.2007).

¶ 7 The ministerial exception applies only to ministers, and whether a person is or is not a minister requires an

evaluation of the person's actual functions within the church. *EEOC v. Roman Catholic Diocese of Raleigh*, 213 F.3d 795, 801 (4th Cir.2000) ("While the ministerial exception promotes the most cherished principles of religious liberty, its contours are not unlimited and its application in a given case requires a fact-specific inquiry."). For purposes of the ministerial exception, courts have applied a "ministerial-function" test, pursuant to which the exception applies "if primary duties include teaching, spreading the faith, church governance, supervision of a religious order, or supervision of participation in religious ritual and worship." *Petruska v. Gannon University*, 462 F.3d 294, 304 n. 6 (3d Cir.2006) (citing *Rayburn v. Gen'l Conf. of Seventh–Day Adventists*, 772 F.2d 1164, 1166 (4th Cir.1985)); *see also Little v. Wuerl*, 929 F.2d 944, 947–48 (3d Cir.1991) (same); *Welter v. Seton Hall University*, 128 N.J. 279, 608 A.2d 206, 213 (1992) ("Only when the underlying dispute turns on doctrine or polity should courts abdicate their duty to enforce secular rights."); *Archdiocese of Washington v. Moersen*, 399 Md. 637, 925 A.2d 659, 666–67 (2007) ("[T]he ministerial exception 'does not depend upon ordination but upon the function of the position.' ") (quoting *Rayburn*, 772 F.2d at 1168).

¶ 8 In granting the Church's preliminary objections, the trial court erred by concluding, as a matter of law, that because "the Roman Catholic Church views music as an integral part of its Catholic worship", anyone who holds the position of "Organist/Musical Director" is a minister for purposes of the ministerial exception. We find no basis in either state or federal cases applying the ministerial exception for such a *per se* classification based merely upon the person's title.[1]

¶ 9 Moreover, as noted above, when faced with a preliminary objection under Pa.R.C.P. 1028(a)(4), we are strictly limited to an examination of the averments in the Second Amended Complaint and the single exhibit attached thereto in evaluating its legal sufficiency. The allegations in the Second Amended Complaint do not establish that Cooper's primary duties to the Church (regardless of position title) involved "teaching, spreading the faith, church governance, supervision of a religious order, or supervision of participation in religious ritual and worship", as required by the "ministerial function" test. The allegations in the Second Amended Complaint do not even establish that "the Roman Catholic Church views music as an integral part of its Catholic worship", a point central to the trial court's decision. In fact, the Second Amended Complaint sets forth a straightforward claim for breach of contract.

¶ 10 The entirety of the trial court's factual findings upon which the dismissal of the case was based come from the Church's preliminary objections. While the Church could have properly framed this issue for decision by way of preliminary objections, it failed to do so. The Church demurred to the Second Amended

---

1. The cases cited by the trial court, *Petruska, supra*, and *Fassl v. Our Lady of Perpetual Help Roman Catholic Church*, 2005 WL 2455253 (E.D.Pa.2005), provide no support for this position. The plaintiff in *Petruska* was a chaplain at Gannon University, a Catholic institution, at the time of her dismissal, and neither party disputed the ministerial nature of the position. Instead the issue on review was whether the ministerial exception would function to bar all claims against Gannon University or just claims that implicated its free exercise rights. *Petruska*, 462 F.3d 294 (3d Cir.2006). In *Fassl*, an unpublished decision from the Eastern District of Pennsylvania, the plaintiff was the former music director of the defendant church, but both parties stipulated that *Fassl's* position was ministerial in nature. *Fassl*, 2005 WL 2455253 at *1 (E.D.Pa.2005).

Complaint when in actuality it was challenging the trial court's subject matter jurisdiction to decide the case because of the ministerial exception.

■■ ¶ 11 Pa.R.C.P. 1028(a)(1) allows a party to challenge the trial court's subject matter jurisdiction through a preliminary objection. When an issue raised cannot be decided based on facts of record (i.e., the complaint), the preliminary objections must be endorsed with a notice to plead, which requires the plaintiff to admit or deny each allegation of fact supporting the preliminary objections. *See* Pa.R.C.P. 1026(a) and note to Pa.R.C.P. 1028(c)(2). Absent a notice to plead, no response is required and all of the averments in the preliminary objections are deemed denied. *Id.* and Pa.R.C.P. 1029(d).

■■ ¶ 12 Here, the preliminary objections filed by the Church were not endorsed with a notice to plead. Thus, all of the allegations in the preliminary objections were, by operation of the Pennsylvania Rules of Civil Procedure, denied by Cooper. As a result, the record before the trial court presented contested issues of fact on all of the points raised by the Church in its attempt to undercut the trial court's jurisdiction based on the ministerial exception. The record required dismissal of the Church's preliminary objections even if we were inclined to overlook the improper nomenclature used by the Church in titling and arguing its preliminary objection as a demurrer.

¶ 13 Alternatively, the Church asks that we affirm the trial court's decision based upon Pennsylvania's presumption that all employment is at-will, asserting that Cooper signed a written contract with the Church (not attached to the Second Amended Complaint) acknowledging her at-will status. Appellee's Brief at 20. While we are usually hesitant to address issues that have not been ruled upon by the trial court or briefed by opposing counsel, on this occasion we note that the Second Amended Complaint alleges that the oral contract between Cooper and the Church was not at-will, but rather for a term of six years (renewable annually). Second Amended Complaint, ¶ 3, 5. In addition, given our scope of review with regard to preliminary objections, we may not consider the legal impact of an alleged written contract that is neither mentioned in the Second Amended Complaint nor attached to it.

¶ 14 Order reversed. Case remanded. Jurisdiction relinquished.

¶ 15 Ford Elliott, P.J. files a Concurring Statement.

## CONCURRING STATEMENT BY FORD ELLIOTT, P.J.:

¶ 1 I agree with the Majority that at this stage in the proceedings, the record is insufficiently developed to support the trial court's conclusion that Cooper is a "minister" for First Amendment purposes, and therefore I join in the Opinion. There has been no discovery regarding Cooper's specific duties and responsibilities as organist/music director. That being said, I would note that decisional law has consistently applied the ministerial exception to music and choir directors. *See, e.g. Starkman v. Evans*, 198 F.3d 173 (5th Cir.1999), *cert. denied,* 531 U.S. 814, 121 S.Ct. 49, 148 L.Ed.2d 18 (2000) (choir director barred from pursuing claims under the ADA and Louisiana employment law); *EEOC v. Roman Catholic Diocese of Raleigh,* 213 F.3d 795 (4th Cir.2000) (Cathedral's Director of Music Ministry/part-time music teacher fell under the ministerial exception, stating that music "is a vital means of expressing and celebrating those beliefs which a religious community holds most sacred"). *Cf. Archdiocese of Washington v. Moersen,*

399 Md. 637, 925 A.2d 659 (2007), *cert. denied,* —— U.S. ——, 128 S.Ct. 1217, 170 L.Ed.2d 59 (2008) (ministerial exception did not apply where the plaintiff was "merely an organ player," distinguishing those cases involving choirmasters and music directors). Therefore, following the discovery phase and depending on the functions of Cooper's position, summary judgment in the Church's favor may well be appropriate.