J-S27032-16

2016 PA Super 141

| JANET KILMER, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| JAMES SPOSITO, | |
| Appellee | No. 1776 MDA 2015 |

Appeal from the Order entered on September 30, 2015
In the Court of Common Pleas of Susquehanna County
Civil Division at No(s): 2010-2171

BEFORE:  SHOGAN, J., DUBOW, J., and STEVENS, P.J.E.*

OPINION BY STEVENS, P.J.E.: **FILED JULY 01, 2016**

In this appeal, Appellant Janet Kilmer ("Appellant") appeals the trial court's order sustaining preliminary objections in the nature of a demurrer filed by her former attorney, Appellee James Sposito ("Appellee"), in Appellant's legal malpractice and breach of contract case.  Because we conclude that the trial court erred as a matter of law, we reverse.

Appellant's complaint asserted claims of professional negligence and breach of contract against Appellee allegedly committed while he represented Appellant in matters relating to settling the estate of her late husband Chester Kilmer, Jr.  According to the complaint, Appellee negligently and carelessly advised Appellant, the surviving spouse, to file an election to take against her husband's will under the provisions of 20

---

*Former Justice specially assigned to the Superior Court.

Pa.C.S.A. § 2203, which would entitle her to one-third of husband's estate,[1]

when pure operation of law pursuant to 20 Pa.C.S.A. §§ 2507 and 2102[2]

_____

[1] It is undisputed that Husband, in his will, bequeathed less than one-third of his estate to Appellant.

[2] Sections 2203, 2507, and 2102 provide, respectively, in relevant part:

**§ 2203. Right of election; resident decedent**

**(a)Property subject to election.--**Except as provided in subsection (c), when a married person domiciled in this Commonwealth dies, his surviving spouse has a right to an elective share of one-third of the following property:

(1)   Property passing from the decedent by will or intestacy.

****
20 Pa.C.S.A. § 2203(a)(1);

**§ 2507. Modification by circumstances**

Wills shall be modified upon the occurrence of any of the following circumstances, among others:

***
**(3) Marriage.--**If the testator marries after making a will, the surviving spouse shall receive the share of the estate to which he would have been entitled had the testator died intestate, unless the will shall give him a greater share or unless it appears from the will that the will was made in contemplation of marriage to the surviving spouse.

20 Pa.C.S.A. § 2507(3); and

**§ 2102. Share of surviving spouse**

The intestate share of a decedent's surviving spouse is:

***
*(Footnote Continued Next Page)*

- 2 -

would have entitled Appellant to one-half of the estate as a surviving spouse who had married the testator after he made his will. Appellant followed this advice, and Appellee, on Appellant's behalf, filed an election to take against her husband's will in Orphan's Court on June 30, 2009, a move that effectively reduced Appellant's share of her husband's estate from one-half to one-third.[3]

Appellant terminated the services of Appellee upon discovering the significance of exercising her right of election and hired a new attorney, Michael Briechle, Esq., to represent her interests in the disposition of the estate and challenge the validity of her election. Specifically, Appellant, through Attorney Briechle, filed objections to the executors' Final Account that listed Appellant's share as one-third of the estate consistent with her election, and she argued that she was, instead, entitled to a one-half share as if her husband had died intestate, pursuant to Secton 2507(3), *supra*. The lower court scheduled a hearing on the issue of Appellant's lawful share of the estate, but it continued the hearing date on joint motion of the

*(Footnote Continued)* _____

(4) If there are surviving issue of the decedent one or more of whom are not issue of the surviving spouse, one-half of the intestate estate.

20 Pa.C.S.A. § 2102(4)

[3] Appellant's election, as drafted by Appellee, stated Appellant "do[es] not accept the estate and interest therein devised and bequeathed to me in that Will, but on the contrary I elect to take such interest in real and personal property of said decedent as I would have been entitled to had the decedent died intestate."

parties, who were negotiating toward settlement. In July of 2011, Attorney Briechle and the estate reached settlement, wherein Appellant agreed to accept a 41.5% share of Husband's estate.

On June 3, 2015, Appellant filed the present action sounding in legal malpractice and breach of contract against Appellee. As noted *supra*, Appellee asserted preliminary objections asserting that legal precedent in the decision of ***Muhammad v. Strassburger, McKenna, Messer, Shilobod and Gutnick***, 587 A.2d 1346 (Pa. 1991), which held a dissatisfied plaintiff may not sue his or her attorney for malpractice following a settlement with which plaintiff agreed, barred Appellant's claims. Appellee further objected that Appellant could not show actual loss given her acquisition of a 41.5% share in the estate by virtue of her decision to settle. On September 30, 2015, the trial court sustained Appellee's preliminary objections and dismissed Appellant's lawsuit. After the court denied Appellant's motion for reconsideration, Appellant timely appealed.

Appellant raises the following related issues for our review:

Where a plaintiff settled her claim against her late husband's Estate through subsequent counsel as a result of negligence of her former attorney (the Appellee), does the rule pronounced in ***Muhammad***, *supra*, preclude her claim for such negligence against the former attorney (the Appellee)?

Did the Court of Common Pleas err in determining that the above caption[ed] matter should be dismissed on the basis of the rule pronounced in ***Muhammad***, *supra*?

Appellant's brief at 3.

Our standard of review of an order granting preliminary objections is well-settled:

> Preliminary objections in the nature of a demurrer should be granted where the contested pleading is legally insufficient. *Cardenas v. Schober*, 783 A.2d 317, 321 (Pa.Super. 2001) (citing Pa.R.C.P. 1028(a)(4)). "Preliminary objections in the nature of a demurrer require the court to resolve the issues solely on the basis of the pleadings; no testimony or other evidence outside of the complaint may be considered to dispose of the legal issues presented by the demurrer." *Hess v. Fox Rothschild, LLP*, 925 A.2d 798, 805 (Pa.Super. 2007) (quoting *Cardenas*, 783 A.2d 317 at 321). All material facts set forth in the pleading and all inferences reasonably deducible therefrom must be admitted as true. *Id.*

*Cooper v. Church of St. Benedict*, 954 A.2d 1216, 1218 (Pa.Super. 2008).

In reviewing a trial court's grant of preliminary objections, the standard of review is *de novo* and the scope of review is plenary. *Martin v. Rite Aid of Pennsylvania, Inc.*, 80 A.3d 813, 814 (Pa.Super. 2013). Moreover, we review the trial court's decision for an abuse of discretion or an error of law. *Lovelace ex rel. Lovelace v. Pennsylvania Prop. & Cas. Ins. Guar. Ass'n*, 874 A.2d 661, 664 (Pa.Super. 2005).

In its Pa.R.A.P. 1925(a) opinion, the trial court explained that it agreed with Appellee's position that Appellant's claims were barred under *Muhammad*:

> Mrs. Kilmer voluntarily settled her claim against the estate. Had she permitted the court to rule on her objections and not prevailed, then, perhaps, she might have a cognizable claim of negligence. But as it stands, she has suffered no damages. Both the ruling and rationale of *Muhammad* are applicable to this matter.

Trial Court Opinion, dated October 21, 2015, at 2.

This Court recently had occasion to discuss the principles underlying the ***Muhammad*** decision. In ***Silvagni v. Shorr***, 113 A.3d 810, 813, ***reargument denied*** (May 27, 2015), ***appeal denied***, 128 A.3d 1207 (Pa. 2015), the plaintiff brought an action of legal malpractice against his former attorney and firm for allegedly offering flawed advice that induced him into settling his worker's compensation claim. The trial court granted summary judgment in favor of defendants, and, on appeal, we affirmed on the basis of the Pennsylvania Supreme Court's decision in ***Muhammad***. In so doing, we set forth the rationale of ***Muhammad*** as follows:

> In ***Muhammad***, plaintiffs filed a legal malpractice action against defendant law firm as a result of defendant's representation of plaintiffs in a medical malpractice lawsuit following the death of plaintiffs' child. Defendant law firm negotiated a settlement of the medical malpractice case. Plaintiffs verbally accepted the settlement offer. Thereafter, plaintiffs changed their minds about the settlement before signing a written accord. Defendant law firm filed a Rule to Show Cause why the settlement agreement should not be enforced. After an evidentiary hearing, the trial court enforced the agreement. The court ordered the defendants in the medical malpractice case to pay the settlement funds and instructed the prothonotary to mark the case settled. Plaintiffs hired new counsel, appealed the order, and this Court affirmed. ***Muhammad v. Childrens Hospital***, 337 Pa.Super. 635, 487 A.2d 443 (1984) (unpublished memorandum opinion).
> ***Thereafter, plaintiffs filed a legal malpractice case against the law firm that had negotiated the medical-malpractice settlement.*** The legal malpractice case was dismissed, and our Supreme Court affirmed that dismissal, stating:
>> This case must be resolved in light of our longstanding public policy which encourages settlements. Simply stated, ***we will not permit a suit to be filed by a dissatisfied plaintiff against***

- 6 -

> ***his attorney following a settlement to which that plaintiff agreed,*** unless that plaintiff can show he was fraudulently induced to settle the original action. ***An action should not lie against an attorney for malpractice based on negligence and/or contract principles when that client has agreed to a settlement.*** Rather, only cases of fraud should be actionable.
>
> ***Muhammad***, 587 A.2d at 1348 (emphasis added). The Court further stated:
>
>> [W]e foreclose the ability of dissatisfied litigants to agree to a settlement and then file suit against their attorneys in the hope that they will recover additional monies. ***To permit otherwise results in unfairness to the attorneys who relied on their client's assent and unfairness to the litigants whose cases have not yet been tried.*** Additionally, it places an unnecessarily arduous burden on an overly taxed court system. ***We do believe, however, there must be redress for the plaintiff who has been fraudulently induced into agreeing to settle. It is not enough that the lawyer who negotiated the original settlement may have been negligent***; rather, the party seeking to pursue a case against his lawyer after a settlement must plead, with specificity, fraud in the inducement.
>
>> ***Id.*** at 1351.

***Silvagni***, 113 A.3d at 813 (emphasis added). In view of ***Muhammad***, we held plaintiff Silvagni was barred from maintaining an action in either negligence or contract principles seeking additional monies against defendant attorneys for their having procured a settlement agreement that he, himself, had approved.

***Muhammad***, therefore, stands for the proposition that dissatisfied plaintiffs may not later challenge an attorney's professional judgment with respect to an amount of money to be accepted in a settlement, unless

plaintiffs plead and can prove they were fraudulently induced to settle. As such, the **Muhammad** decision is inapposite to the present action, which focuses not on Appellee's professional judgment in negotiating a settlement—indeed, he was no longer Appellant's attorney when Appellant challenged the Final Accounting and ultimately settled—but on his failure to advise her correctly on the law pertaining to her interest in her late husband's estate. The facts of the case *sub judice*, therefore, take it outside the scope of the **Muhammad** prohibition against second-guessing an attorney's judgment as to settlement amounts.

Further militating in favor of reversal in the present case is the Pennsylvania Supreme Court's non-precedential decision in **McMahon v. Shea**, 688 A.2d 1179 (Pa. 1997), which affirmed this Court's reversal of a trial court order invoking **Muhammad** to dismiss a legal negligence claim alleging flawed legal advice as the basis for settlement. In our *en banc* decision, we held the policy set forth in **Muhammad** was not applicable where the attorneys' alleged negligence lay not in the judgment regarding the amount to be accepted or paid in a settlement but, rather, in the failure to advise a client of well-established principles of law and the impact of a written agreement. A six-member Supreme Court affirmed, but with three justices concurring in the result because they would not limit **Muhammad** to its facts as would the "majority."

Even without supplying binding precedent, **McMahon** provides helpful guidance on the issue at bar, for the concurrence agreed with the Opinion

Announcing the Judgment of Court where it distinguished "between a challenge to an attorney's professional judgment regarding an amount to be accepted or paid in settlement of a claim, and a challenge to an attorney's failure to correctly advise his client about well established principles of law in settling a case. This is a reasonable and justifiable distinction." *McMahon*, 688 A.2d at 1183 (Cappy, J., Concurring). As such, all six members of the Court deciding the case drew a distinction between "holding an attorney accountable to inform a client about the ramifications of existing law and allowing the second guessing of an attorney's professional judgment in an attempt to obtain monies, once a settlement agreement has been reached." *Id.*

We apply the same rationale herein, for barring Appellant from seeking to hold Appellee accountable for allegedly flawed legal advice on an underlying matter essential to her inheritance as a surviving spouse would not advance the interests of finality in settlements. Appellant alleged in her complaint that Appellee's negligence and breach of contract consisted of his failure to advise her properly on the consequences of exercising her right of election to take against the will. Appellant relied upon Appellee's advice to her ostensible detriment when she authorized Appellee to file her election with the orphan's court, a filing that would reduce Appellant's legal interest in her husband's estate by 17 2/3% if accepted by the court. She and new counsel challenged the validity of her election in a subsequent proceeding, but the prospects of prevailing in that matter were uncertain at best, driving

them to the reasonable position of accepting a settlement that allowed her to make what was, indisputably, only a partial recovery of what she lost by virtue of the advice rendered by Appellee.[4]

Accordingly, as we deem **Muhammad** inapposite to the present matter, we are constrained to reverse the order entered below and remand for further proceedings consistent with this decision.

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/1/2016

---

[4] We, accordingly, reject Appellee's position that Appellant failed to plead and cannot establish actual loss, a necessary element to both her legal malpractice and breach of contract claims, when she averred she reached settlement for a share of the estate less than what she would have received had Appellant properly advised her of her lawful share pursuant to sections 2502 and 2507.