J-A08011-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| ROBERT GENE REGA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| U.P.M.C. COMMUNITY HEALTH | : | No. 194 WDA 2022 |
| CHOICES; MELODEE HURSEY; | : | |
| SOUTHWESTERN PENNSYLVANIA | : | |
| AREA AGENCY ON AGING; HELENA | : | |
| SNYDER; COMPATI HOME | : | |
| HEALTHCARE; JAY CINCINNATI; | : | |
| RUTHI HOOPER; KIMMEY MILLER; | : | |
| AND MARY-ANN (L.N.U.) | : | |

Appeal from the Order Entered January 19, 2022
In the Court of Common Pleas of Greene County
Civil Division at No:  No. 05 CV 2020

| | | |
|---|---|---|
| ROBERT GENE REGA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| U.P.M.C. COMMUNITY HEALTH | : | No. 354 WDA 2022 |
| CHOICES, MELODEE HURSEY, | : | |
| SOUTHWESTERN PENNSYLVANIA | : | |
| AREA AGENCY ON AGING, HELENA | : | |
| SNYDER, COMPATI HOME | : | |
| HEALTHCARE, JAY CINCINATTI, | : | |
| RUTHI HOOPER, KIMMEY MILLER, | : | |
| AND MARY-ANN (L.N.U.) | : | |

Appeal from the Order Entered January 20, 2022
In the Court of Common Pleas of Greene County
Civil Division at No:  No. 05 CV 2020

BEFORE:   STABILE, J., SULLIVAN, J., and PELLEGRINI, J.*

MEMORANDUM BY STABILE, J.:                    **FILED: JUNE 22, 2023**

In these consolidated appeals, Appellant, Robert Gene Rega ("Appellant" or "Rega"), appeals *pro se* from orders entered in the Court of Common Pleas of Greene County dismissing Appellant's Second Amended Complaint after the court sustained preliminary objections filed by Appellees, Southwestern Pennsylvania Area Agency on Aging ("SWPAAA") and Helena Snyder (collectively "SWPAAA Appellees") ("January 19, 2022 Order"), and by Appellees Compati Home Health Care, Jay Cincinnati, Ruthi Hooper, Kimmey Miller, and Mary-Ann (L.N.U.) (collectively "Compati Appellees") ("January 20, 2022 Order").[1]  Following review, we affirm.

In the opinion issued in conjunction with each order, the trial court explained:

> [Appellant] is the Plaintiff.  Joan Mary Rega is his mother.  Rega indicated that he has a valid power of attorney for his mother.  He is incarcerated in the Department of Corrections and is currently housed at SCI-Phoenix.  Although incarcerated, Rega claims his residence as 408 Mountainview Drive, Waynesburg, PA 15370.  He is serving a life sentence concurrent with a sentence of death that

_____

* Retired Senior Judge assigned to the Superior Court.

[1] By separate order entered January 19, 2022, the trial court sustained preliminary objections and dismissed the Second Amended Complaint in favor of named Appellees, U.P.M.C. Community Health Plan and Melodee Hursey (collectively "UPMC Appellees").  Appellant did not file an appeal from that order.

- 2 -

has been imposed [in a separate federal criminal proceeding].[2] The court now determines that the preliminary objections will turn on agency law and also whether Rega has a valid power of attorney.

The court previously ruled at a separate docket number and term [] that the power of attorney Rega possesses is invalid. That opinion has been affirmed by the Pennsylvania Superior Court and certiorari was denied by the Pennsylvania Supreme Court.[3] [] We note also that Rega is bringing his claim on his own behalf and not on behalf of his mother. The court determines that this generally violates the basic principles of agency law.

[The trial court proceeded to identify each of the parties named in Appellant's Second Amended Complaint. For our purposes, it is sufficient to note that Helena Snyder was employed by SWPAAA as a caseworker and that the remaining individually-named Compati Appellees were employees of that entity, a provider of home health services to Medicare/Medicaid participants, including Appellant's mother.]

Rega brought this cause of action claiming violations of the United States and Pennsylvania Constitutions[.] In each count Rega requests $1,000,000 jointly and severally, court costs, costs of litigation, attorney fees, prejudgment and post-judgment interest.

Rega's Complaint is over 100 pages and includes 10 separate counts. . . . Rega's Second Amended Complaint is generally complaining of allegations surrounding, his mother, Ms. Rega's home care.

---

[2] In an unreported decision dated February 15, 2018, the United States District Court for the Western District of Pennsylvania determined that Appellant was entitled to a new capital sentencing hearing. *Rega v. Wetzel*, 2018 WL 897126 (W.D.Pa. 2018). Appellant has not directed our attention to anything in the record that reflects the outcome of a new hearing. There is no suggestion, however, that he is serving anything short of a life sentence.

[3] *Rega v. A Bridge to Independence*, No. 151 WDA 2021, unpublished memorandum (Pa. Super. filed July 2, 2021), *appeal denied*, 270 A.3d 1105 (Pa. 2022).

January 19, 2022 Opinion and Order at 2-4; January 20, 2022 Opinion and Order at 2-5 (references to Second Amended Complaint and some capitalization omitted).

In each opinion and order, the trial court addressed Appellees' respective preliminary objections to the counts in Appellant's Second Amended Complaint. The court prefaced its analysis by noting that Appellant claimed that his mother, who suffered from Alzheimer's and dementia, was the victim of theft by her care providers, prompting Appellant to have security cameras installed in her apartment. Essentially, he claimed that various care providers interfered with his ability to monitor and contact his mother by, *inter alia*, removing the surveillance cameras and restricting her access to her telephone. He also contended that providers stole his mother's identification and social security information and changed her debit card account and corresponding PIN number.

The court summarized each of the ten counts in Appellant's 282-paragraph complaint, identifying them as follows: Count 1: Fourth Amendment Search and Seizure; Count 2: First Amendment Free Speech; Count 3: Intentional Interference with a Contract; Count 4: Intentional Infliction of Emotional Distress; Count 5: Negligence/Gross Negligence; Count 6: Policy, Custom, Practice or Culture; Count 7: Conspiracy; Count 8: Failure to Comply with Directives; Count 9: Trespass; and Count 10: Punitive

Damages. January 19, 2022 Opinion and Order at 6-8; January 20, 2022 Opinion and Order at 6-9.

Appellant filed timely appeals from the trial court's orders. Both Appellant and the trial court complied with Pa.R.A.P. 1925. This Court consolidated the appeals by order entered April 28, 2022.

Appellant presents four issues for our consideration:

A. Whether the trial court committed an error of law and/or abused its discretion by issuing a boilerplate decision/opinion which failed to provide any legal basis or cite any authorities in support of granting [Appellant's] motion(s) for preliminary objections.

B. Whether the trial court committed an error of law and/or abused its discretion by failing to decide whether Appellant had legal standing to claim the residence in [question] as his personal residence, so that the court could deny relief on Appellant's cause(s) of action(s).

C. Whether the trial court committed an error of law and/or abused its discretion by concluding Appellant failed to state a claim upon which relief may be granted for all cause(s) of action(s) against [the SWPAAA Appellees] despite Appellant's right as a resident to assert such a claim on his own behalf nothwithstanding (*sic*) the validity of Appellant's power of attorney.

D. Whether the trial court committed an error or law or abused its discretion by concluding Appellant failed to state a claim upon which relief may be granted for all cause(s) of action(s) against [the Compati Appellees] despite Appellant's right as a resident to assert such a claim on his own behalf nothwithstanding (*sic*) the validity of Appellant's power of attorney.

Appellant's Brief at 5.

We begin by setting forth our standard and scope of review. In *Caltagirone v. Cephalon, Inc.*, 190 A.3d 596 (Pa. Super. 2018), this Court reiterated:

> Our standard of review of an order granting preliminary objections in the nature of a demurrer is well-settled:
>
>> Preliminary objections in the nature of a demurrer should be granted where the contested pleading is legally insufficient. *Cardenas v. Schober*, 783 A.2d 317, 321 (Pa. Super. 2001) (citing Pa.R.C.P. 1028(a)(4)). "Preliminary objections in the nature of a demurrer require the court to resolve the issues solely on the basis of the pleadings; no testimony or other evidence outside of the complaint may be considered to dispose of the legal issues presented by the demurrer." *Hess v. Fox Rothschild, LLP*, 925 A.2d 798, 805 (Pa. Super. 2007) (quoting *Cardenas*, 783 A.2d 317 at 321). All material facts set forth in the pleading and all inferences reasonably deducible therefrom must be admitted as true. *Id.*
>
> *Cooper v. Church of St. Benedict*, 954 A.2d 1216, 1218 (Pa. Super. 2008). In reviewing a trial court's grant of preliminary objection, the standard of review is *de novo* and the scope of review is plenary. *Martin v. Rite Aid of Pennsylvania, Inc.*, 80 A.3d 813, 814 (Pa. Super. 2013). Moreover, we review the trial court's decision for an abuse of discretion or an error of law. *Lovelace ex rel. Lovelace v. Pennsylvania Prop. & Cas. Ins. Guar. Ass'n*, 874 A.2d 661, 664 (Pa. Super. 2005).

*Id.* at 599 (quoting *Kilmer v. Sposito*, 146 A.3d 1275, 1278 (Pa. Super. 2016)).

With respect to both the SWPAAA and Compati Appellees, in his first issue (Issue A), Appellant contends that the trial court committed error of law or abused its discretion "by issuing a boilerplate decision/opinion which failed to provide any legal basis or cite any authorities" in support of its orders granting both Appellees' preliminary objections. Appellant's Brief at 11.

- 6 -

Appellant cites certain canons of the Code of Judicial Conduct in support of his argument that the trial court failed to make an independent review of the facts and law.[4] He claims that the trial court merely adopted the Appellees' arguments and thereby denied Appellant a fair and impartial review.

We find no merit to Appellant's bald assertion of error of law or abuse of discretion in the disposition of Appellant's claims and the grant of Appellees' preliminary objections. In each of its opinions and orders, the trial court set forth the applicable standard of review when addressing preliminary objections. January 19, 2022 Opinion and Order at 9 and January 20, 2022 Opinion and Order at 9-10 (both citing **Torres v. Beard**, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010)). The court proceeded to address each of the preliminary objections raised by each Appellee in accordance with the standard of review and then stated its basis for sustaining the objections. Appellant's first issue fails.

In his second issue (Issue B), Appellant complains that the trial court failed to address Appellant's contention that he—a prisoner serving a life sentence in a state correctional institution—somehow "resides" in his mother's apartment. The trial court found it unnecessary to address the issue of

_____

[4] Specifically, Appellant contends the court violated Canon 1 (relating to the independence of the judiciary and avoiding appearance of impropriety), Canon 2.1 (calling for judicial duties to take precedence over a judge's personal and extrajudicial activities), Canon 2.1 (requiring performance of judicial duties without bias or prejudice) and Canon 2.6 (according all persons the right to be heard).

residency in light of the fact that it was "convinced that Rega as agent can make no claim on his own benefit." January 19, 2022 Opinion and Order at 10. As the SWPAAA Appellees correctly recognize, analysis of the legal residence issue was not required because Appellant's claims "are clearly based on his purported rights to act on behalf of his mother." SWPAAA Appellees Brief at 21. Again, "the issue was adequately resolved by the invalidity of the power of attorney at issue." *Id.* We find no error on the part of the trial court for declining to address an issue that was not necessary to the disposition of Appellant's claims.

Regardless, we find no merit to Appellant's assertion that he was a resident of his mother's apartment. As the SWPAAA Appellees observe, Appellant alleged in his Second Amended Complaint that he "resides at 1200 Mokychic Drive, Collegeville, PA, 19426." SWPAAA Appellees Brief at 21 (quoting Appellant's Second Amended Complaint, 1/21/21, at 2).[5]

---

[5] Appellant cites three Commonwealth Court cases and two cases from courts of common pleas in support of his contention that he is a resident of his mother's apartment despite being incarcerated and serving a life sentence. **See** Appellant's Brief at 16. The cases are not binding on this Court and, more importantly, are inapposite, as is the U.S. Supreme Court case he cited. This Court has recognized that "residence" is "a factual place of abode evidenced by a person's physical presence in a particular place." ***Wall Rose Mutual Ins. Co. v. Manross***, 939 A.2d 958, 965 (Pa. Super. 2007) (citation and internal quotation omitted). Because residence is a question of physical presence, "intention is not a relevant consideration." *Id.* (citation omitted).

This Court may take judicial notice of the fact the stated address is the address of State Correctional Institute-Phoenix. Pa.R.E. 201(b) ("a court may take judicial notice of fact[s] that [are] not subject to reasonable dispute."). By virtue of Appellant's admission and judicial notice, there is no unresolved issue relating to Appellant's residence. Therefore, we agree with the trial court that analysis of Appellant's "residence" was unnecessary. Appellant is not entitled to relief on his second issue.

In his third and fourth issues, Appellant challenges the trial court's grant of preliminary objections of the SWPAAA Appellees (Issue C) and those of the Compati Appellees (Issue D). We shall consider Appellant's issues with respect to the SWPAAA Appellees and the Compati Appellees separately.

**PRELIMINARY OBJECTIONS OF SWPAAA APPELLEES**

The SWPAAA Appellees filed four preliminary objections to Appellant's Second Amended Complaint. Specifically, the SWPAAA Appellees demurred to Counts I and II, asserting that the allegations regarding constitutional violations set forth in those counts were legally insufficient. They also demurred to Counts III through IX, contending that the state law claims alleged in those counts were "not in compliance with the Power of Attorney statute and [are] not enforceable," and that the SWPAAA Appellees "did not owe any duty to [Appellant], and [Appellant] does not set forth factual allegations to support a *prima facie* case of the claims advanced in those counts." SWPAAA Appellees' Preliminary Objections at 1. In addition, the

SWPAAA Appellees asserted that Appellant's Count X request for punitive damages does not constitute a separate cause of action and his request for attorney fees and costs "fail[ed] to conform to law and rules of court." *Id.* at 1-2.

The trial court sustained all the SWPAAA Appellees' Preliminary Objections and dismissed Appellant's Complaint. January 19, 2022 Opinion and Order. Appellant purports to challenge the trial court's ruling "for all cause(s) of action(s) against the SWPAAA Appellees[.] Appellant's Brief at 5. However, in his brief, he challenges the trial court's rulings only with respect to Counts I and II, involving constitutional challenges, and Counts V and IX, involving negligence and trespass, respectively. We confine our discussion to those counts.

In Counts I and II of Appellant's Second Amended Complaint, Appellant alleged violations of the Fourth and First Amendments. In rejecting Appellant's constitutional claims, the trial court was convinced that "Rega has failed to support a cause of action based on constitutional claims. . . . [W]e again determine that Rega does not have a valid power of attorney over his mother." January 19, 2022 Opinion and Order at 10.

We find no error in the court's determination. As the SWPAAA Appellees observe, Appellant "has at no point identified the legal basis or mechanism by which he was entitled to assert claims for money damages for these alleged constitutional violations." SWPAAA Appellees Brief at 16. However, Appellant

has failed to demonstrate that the SWPAAA Appellees were state actors so as to entitle him to a remedy under 42 U.S.C. § 1983.

In terms of Fourth Amendment violations, Appellant claimed that the Appellees entered his mother's apartment without his permission as her power of attorney. As such, Appellant's "actual claim is not that his own rights were violated, but that his mother's rights were violated because Appellees did not seek his consent in his purported role as power of attorney." *Id.* at 19. Again, that power of attorney was determined to be invalid.

In terms of claimed First Amendment violations, "such claim was again couched as an agency claim brought on behalf of his mother, without the authority of a valid power of attorney, and while improperly seeking recovery of damages in his own right." *Id.* We agree that the trial court properly found that Appellant failed to state a valid First Amendment claim "because he did not possess legal authority to raise such claim on behalf of his mother, and regardless, could not raise such claim as her agent but seeking damages for himself alone." *Id.* at 20.

Regarding Appellant's state law claims raised in Counts V and IX, the trial court noted they were "premised on his assertion that he is Power of Attorney for his mother, Ms. Rega, and [] the instant court [] has already determined that Rega's alleged Power of Attorney was not valid for events on

or before May 11, 2020." January 19, 2022 Opinion and Order at 11.[6] The court announced that it again determined that Appellant "does not have a valid power of attorney over his mother. Also, even if valid, Rega, as agent, can make no claims on his own behalf." *Id.* at 12.

Regarding the claims of negligence and gross negligence in Count V, the SWPAAA Appellees recognize that to establish negligence, a defendant must owe a duty of care to a plaintiff. "Duty, in any given situation, is predicated on the relationship existing between the parties at the relevant time." *Charlie v. Erie Ins. Exchange*, 100 A.3d 244, 252 (Pa. Super. 2014) (citation omitted).

Although Appellant asserted that the SWPAAA Appellees owed a duty of care, he based that contention on an invalid power of attorney. However, he cannot premise a negligence claim on an invalid power of attorney. Absent any relationship between Appellant and the SWPAAA, he cannot establish that the SWPAAA Appellees owed him any duty. Because he has not established a duty, the trial court properly determined that his negligence claims were legally insufficient. Similarly, Appellant has not pled facts to establish a trespass claim, a claim based on entering and disconnecting a camera system

---

[6] We note that all events upon which Appellant bases his claims occurred before the end of February 2020. *See* Appellant's Second Amended Complaint.

in his mother's apartment. As the SWPAAA Appellees recognize, Appellant does not maintain his legal residence in that apartment and otherwise holds no ownership interest in the property. Because Appellant was not the possessor of his mother's apartment, Appellant cannot succeed on a claim of trespass against the SWPAAA Appellees.

We find no error or abuse of discretion in the trial court's conclusions regarding Appellant's constitutional claims alleged in Counts I and II or regarding the negligence and trespass claims alleged in Counts V and IX of his Second Amended Complaint. Appellant is not entitled to relief on his third issue.[7]

**PRELIMINARY OBJECTIONS OF COMPATI APPELLEES**

The Compati Appellees also filed preliminary objections to Appellant's Second Amended Complaint. They demurred to the allegations of Counts I through IX, and asserted a motion to strike Count X (punitive damages) as well as claims of entitlement to attorney fees, and Paragraphs 113 through 117 of the Second Amended Complaint. Compati Preliminary Objections, 3/25/21.

The trial court sustained the preliminary objections and addressed each of the demurrers and the motions to strike. Again, we review the court's

_____

[7] Because Appellant's fourth issue (Issue D) deals with the Compati Appellees only, we do not consider it here.

ruling for error of law or abuse of discretion, accepting all well-pleaded material facts as true. **Caltagirone**, 190 A.3d at 599.

In his brief, Appellant challenges the court's rulings only with respect to Counts I (Unlawful Search and Seizure), II (Free Speech), V (Negligence/Gross Negligence), VI (Policy, Custom, Practice or Culture), VII (Conspiracy), and IX (Trespass). Because he has abandoned the remaining counts and claims, we shall confine our discussion to the trial court's disposition of those counts addressed in Appellant's brief.

In their first two demurrers, the Compati Appellees assert that Counts I and II are legally insufficient because there is no private cause of action for constitutional violations under the United States or Pennsylvania Constitutions, and in particular, for Appellant's claims that the Compati Appellees violated his Fourth Amendment rights against unlawful searches and seizures and First Amendment free speech rights. The trial court agreed, finding that the Compati Appellees are private actors, not acting under color of state law, that Appellant is not a real party in interest, that Compati as an employer cannot be vicariously liable for constitutional violations, that Appellant failed to allege facts demonstrating constitutional violations, and, importantly, that there is no private cause of action for constitutional violations. January 20, 2022 Opinion and Order at 10-11.

With respect to Count I, the Compati Appellees provide analysis supporting the trial court's dismissal of that count. In particular, they offer

analysis, with citation to 42 U.S.C. § 1983 and relevant case law, establishing that the Compati Appellees were private actors who are not liable for constitutional violations. Further, they scrutinize Appellant's complaint to demonstrate that Appellant failed to allege an unlawful search or seizure or that he maintained a reasonable expectation of privacy in his mother's apartment. In addition, they recognize that Appellant was not a real party in interest, in light of the invalid power of attorney upon which Appellant relies and note that he is foreclosed from asserting claims on his mother's behalf. Compati Appellees Brief at 13-18.

Regarding Count II, the Compati Appellees address Appellant's First Amendment claims, concentrating on the United States Constitution in light of the fact there is no recognized private cause of action for monetary damages for alleged violations of the Pennsylvania Constitution. Compati Appellees Brief at 18 n. 2 (citing **Jones v. City of Philadelphia**, 890 A.2d 1188, 1208 (Pa. Cmwlth. 2006) (*en banc*), **appeal denied**, 909 A.2d 1291 (Pa. 2006)). Reiterating that the Compati Appellees were not state actors so as to be potentially liable under Section 1983, they also note that Appellant cannot assert his mother's claims as his own. Further, to the extent Appellant attempted to establish Compati's vicarious liability for acts of omissions of its employees, that attempt must fail because an employer cannot be found liable for constitutional violations of Section 1983 based on *respondeat superior*. Because Appellant failed to allege any policy or custom behind a purported

free speech violation, Appellant failed to state a claim upon which relief can be granted. Finally, Appellant failed to aver facts to support a claim that Compati employees infringed upon Appellant's freedom of speech. Compati Appellees Brief at 18-21.

Appellant has failed to establish any error of law or abuse of discretion with respect to the trial court's dismissal of the constitutional claims asserted in Counts I or II of Appellant's Second Amended Complaint.

The Compati Appellees next address Appellant's claims of negligence, gross negligence, and trespass set forth in Counts V and IX of the Second Amended Complaint. The trial court sustained the demurrer to each count, noting legal insufficiency. January 20, 2022 Opinion and Order at 18, 20-21. With respect to the negligence and gross negligence allegations, the trial court noted that Appellant's power of attorney was unenforceable and that Appellant failed to establish that the Compati Appellees owed any duty of care to Appellant. *Id.* at 18.

Appellant recognizes the requirements for stating a cause of action for negligence, including a duty or obligation recognized by law. However, he fails to explain the duty allegedly owed to him by the Compati Appellees. In a hybrid argument addressing negligence and trespass, he suggests that "Appellees had a legal obligation/duty to conform their conduct to comply with the laws of this Commonwealth which apply to every citizan (*sic*). It's called negligence pro se' (*sic*)." Appellant's Brief at 21. He contends the Compati

Appellees were aware that Appellant did not authorize them to disconnect or destroy the wireless camera system. "That is Trespass under common law." *Id.* at 22. He argues that the Compati Appellees had a "legal (criminal) duty of care not to destroy Appellant's personal property" within his mother's apartment. *Id.* (citing 18 Pa.C.S.A. § 3304-**Criminal Mischief**).

The Compati Appellees counter that a trespass claim is contingent upon an assertion that a defendant entered upon the plaintiff's land. Here, there is no allegation that the Compati Appellees entered onto Appellant's land, nor could there be, "since [Appellant] does not own, occupy, control, or reside in the residence in question." Compati Appellees Brief at 38.

We find no error of law or abuse of discretion with respect to the trial court's grant of preliminary objections relating to Counts V and IX.

Finally, Appellant challenges the trial court's grant of preliminary objections to Count VII of the Second Amended Complaint in which he claims that the Compati Appellees conspired to seize his surveillance cameras and unplug his mother's phones. The Compati Appellees note that Appellant again bases his entitlement to relief on the invalid power of attorney and his disproven claim of residency in his mother's apartment. Compati Appellees Brief at 34.

In order to establish civil conspiracy, it must be shown that two or more persons combined or agreed with the intent to do an unlawful act or to do an otherwise lawful act by unlawful means. ***Thompson Coal Co. v. Pike Coal***

*Co.*, 412 A.2d 466, 472 (Pa. 1979). Proof of malice, or an intent to injure, is an essential element to prove conspiracy. *Id.*

The trial court explained that Appellant could not recover on a cause of action based on conspiracy because, *inter alia*, he "fails to aver any facts necessary to state a viable claim of conspiracy, rather he makes a general conclusion and unsubstantiated suspicions that are legally insufficient." January 20, 2022 Opinion and Order at 19. Basically, Appellant "repeatedly aver[red] that the Compati [Appellees] were acting as agents of the Department of Aging and agents of a single entity cannot conspire among themselves." *Id.*

We find no error of law or abuse of discretion in the trial court's determination that Appellant failed to state a legally sufficient cause of action for conspiracy among the Compati Appellees, either alone or in conjunction with the SWPAAA Appellees.

Finding no error of law or abuse of discretion in the trial court's grant of preliminary objections filed by the SWPAAA Appellees, we affirm the trial court's January 19, 2022 order dismissing Appellant's Second Amended Complaint. Further, finding no error of law or abuse of discretion in the trial court's grant of preliminary objections filed by the Compati Appellees, we also affirm the trial court's January 20, 2022 order dismissing Appellant's Second Amended Complaint.

Orders affirmed.

J-A08011-23

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/22/2023